**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALPHONSO R. TOBY,[1]
      Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
      Agency.

DOCKET NUMBER
PH-0752-15-0289-A-2

DATE: July 23, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Ralph B. Pinskey</u>, Esquire, Harrisburg, Pennsylvania, for the appellant.

<u>Stacey Rita Conroy</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

<u>Diane Tardiff</u>, Bedford, Massachusetts, for the agency.

<u>Kathleen A. Merkl</u>, Brooklyn, New York, for the agency.

---

[1] The Board took official notice that Alphonso R. Toby passed away and issued an order on December 2, 2025, inviting the parties to file a motion for substitution. Addendum Petition for Review (APFR) File, Tab 3 at 1-2. The appellant's representative submitted a filing that sought to substitute Malcolm Toby, the appellant's son. APFR File, Tab 4. We grant this substitution request. To the extent that the agency's response to the substitution request raises arguments concerning the merits of the addendum initial decision, we decline to consider it. APFR File, Tab 5; *see* 5 C.F.R. § 1201.114(a), (e) (summarizing the pleadings permitted by the Board on review and explaining that a response to a petition for review must be filed within 25 days after the date of service of the petition). Similarly, we decline to consider the appellant's "Sur Response" to the agency's response. APFR File, Tab 6; *see* 5 C.F.R. § 1201.114(a). However, even if we were to consider these additional pleadings, a different outcome would not be warranted.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the addendum initial decision, which denied his request for attorney fees because he did not show that he was a prevailing party. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

This matter has a lengthy procedural history dating back to November 2013, when the appellant filed a Board appeal challenging his termination from his position as a Housekeeping Aid. *Toby v. Department of Veterans Affairs*, MSPB Docket No. PH-4324-14-0392-I-1, Initial Appeal File, Tab 1. As relevant to this addendum attorney fee proceeding, on September 25, 2017, the administrative judge issued a remand initial decision that reversed the

appellant's termination on due process grounds. *Toby v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-15-0289-B-1, Remand File, Tab 14, Remand Initial Decision (RID) at 1-4. The administrative judge explained that the appellant, a preference eligible, had been hired by the agency on February 26, 2012, and that his excepted-service appointment was not-to-exceed February 27, 2013. RID at 2. The administrative judge found that the agency had terminated him after his tour of duty had ended on February 25, 2013, i.e., after he had completed 1-year of service, and, therefore, the appellant was an "employee" with chapter 75 Board appeal rights. RID at 2-3; *see* 5 U.S.C. §§ 7511(a)(1), 7513.

Thereafter, on October 11, 2017, the agency submitted a filing to the regional office that was docketed as a petition for review; the agency averred in this filing that it had rescinded the appellant's termination on September 21, 2017, i.e., 4 days before the administrative judge had issued the September 25, 2017 remand initial decision, and it requested that the matter be dismissed as moot. *Toby v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-15-0289-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 1, 4, 9, Tab 3 at 1. With this filing, the agency provided a September 21, 2017 letter addressed to the appellant informing him that the agency's termination action had been cancelled and that he "will be compensated for 16 hours of work to cover February 26 and February 27[, 2013]." RPFR File, Tab 1 at 11. The agency's letter stated that, because the appellant's supervisor had not recommended him for conversion to a permanent appointment, his appointment had expired on February 27, 2013. *Id.* The agency also provided a copy of a Standard Form 50 with an approval date of September 21, 2017, which cancelled the appellant's termination effective February 25, 2013. *Id.* at 9. Thereafter, on October 16, 2017, the appellant filed what was construed as a response and cross petition for review arguing, among other things, that the matter was not moot. RPFR File, Tab 2, Tab 3 at 1.

Approximately 4 years later, on July 28, 2021, the agency filed a motion to withdraw its petition for review, explaining that it had not intended for the

October 11, 2017 filing to be construed as such.[3]  RPFR File, Tab 4 at 4-5.  The Office of the Clerk of the Board granted the agency's request on August 3, 2021.  RPFR File, Tab 5 at 1-2.  In so doing, the Office of the Clerk of the Board explained that the appellant's cross petition for review remained pending before the Board.  *Id.* at 2.  Thereafter, on September 29, 2021, the appellant filed a motion seeking to withdraw his cross petition for review/response, explaining that he had not intended his filing to be construed as such.  RPFR File, Tab 6 at 2-3.

As a result, the Board issued an Order on October 1, 2021.  RPFR File, Tab 7.  The Board's October 1, 2021 Order did the following:  (1) indicated that neither a petition for review nor a cross petition for review remained pending before the Board; (2) explained that "[t]he initial decision of the administrative judge [was] the Board's final decision in this case"; and (3) provided appeal rights.  *Id.* at 2-6.

The appellant thereafter challenged the Board's final decision before the U.S. Court of Appeals for the Federal Circuit.  *Toby v. Department of Veterans Affairs*, No. 2022-1024, 2023 WL 3115577, at *2 (Fed. Cir. Apr. 27, 2023).  On April 27, 2023, the Federal Circuit concluded that it lacked jurisdiction and it dismissed the matter as moot, finding that "Mr. Toby received all the relief that he was eligible for as a temporary [c]hapter 75 employee."  *Id.*  The Federal Circuit explained that, "before the [administrative judge] issued his [remand initial] decision, the [agency] rescinded Mr. Toby's misconduct removal."  *Id.* at *1.  The court thereafter reasoned as follows:  "The [agency] has promised to pay Mr. Toby for the sixteen hours of work (plus interest) that he was unable to perform due to his now-rescinded misconduct removal, and the [agency] will fulfill that promise if it has not yet done so."  *Id.* at *2.  The Federal Circuit

---

[3] On June 21, 2021, shortly before the agency submitted this filing, the appellant had petitioned the U.S. Court of Appeals for the Federal Circuit for a writ of mandamus, seeking an order directing the Board to remand his appeal to the administrative judge for further proceedings.  *Toby v. Department of Veterans Affairs*, No. 2022-1024, 2023 WL 3115577, at *2 (Fed. Cir. Apr. 27, 2023).

acknowledged his request that the matter be remanded "for attorneys' fees" but explained that, because the attorney fee issue was first raised in his reply brief, "it [was] waived." *Id.* at *2 & n.3.

Thereafter, the appellant filed the petition for attorney fees presently before the Board, seeking $111,280.00 in attorney fees and costs.[4] *Toby v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-15-0289-A-2, Refiled Attorney Fee File (AFF), Tab 1 at 7. On February 21, 2025, the administrative judge issued an addendum initial decision denying the appellant's petition for attorney fees. AFF, Tab 5, Addendum Initial Decision (AID) at 2, 5. The administrative judge found that the appellant was not a prevailing party because he had not shown that he had received an enforceable judgement on the merits that "establishe[d] a material alteration of the legal relationship of the parties." AID at 5. The administrative judge explained that the Federal Circuit had found that the agency's rescission of the appellant's removal action predated the September 25, 2017 remand initial decision and had rendered the appeal moot. *Id.*

The appellant has filed a petition for review of the February 21, 2025 addendum initial decision arguing, among other things, that he was a prevailing party. Addendum Petition for Review (APFR) File, Tab 1. The agency has attempted to submit a response to the petition for review, APFR File, Tab 5; however, as discussed above in footnote 1, we decline to consider the agency's response because it is untimely.[5]

---

[4] On December 26, 2017, the appellant filed an initial petition for attorney fees; however, on January 17, 2018, the administrative judge issued an addendum initial decision dismissing the petition as premature. *Toby v. Department of Veterans Affairs*, MSPB Docket No. PH-0752-15-0289-A-1, Attorney Fee File, Tab 1, Tab 3, Addendum Initial Decision at 1-3. Neither party filed a petition for review of this addendum initial decision.

[5] To the extent that the agency argues that good cause exists for the filing delay because a former agency representative has since left the agency, we are unpersuaded. APFR File, Tab 5 at 4; *see Philpot v. Office of Personnel Management*, 9 M.S.P.R. 554, 555 (1982) (agreeing with the presiding official's determination that counsel had not shown

## ANALYSIS

To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show the following: (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable. *Morley v. Department of Veterans Affairs*, 2024 MSPB 17, ¶ 5. The dispositive issue in this matter is the first criterion, i.e., whether the appellant was a prevailing party.

"Prevailing party status is conferred 'when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties.'" *Neal v. Department of Veterans Affairs*, 167 F.4th 1381, 1383 (Fed. Cir. 2026) (quoting *Lackey v. Stinnie*, 604 U.S. 192, 203-04 (2025)); *see Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010) (indicating that an appellant "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the agency's behavior in a way that directly benefits the appellant).

<u>We agree with the administrative judge's conclusion that the appellant did not show that he was a prevailing party.</u>

Here, the September 25, 2017 remand initial decision, which subsequently became the Board's final decision, reversed the appellant's termination. RID at 3-4; RPFR File, Tab 7 at 2. The agency, however, had already reversed the termination 4 days prior, on September 21, 2017, thereby mooting the appeal and providing the appellant with "all the relief that he was eligible for as a temporary [c]hapter 75 employee." *Toby*, 2023 WL 3115577, at *1-*2. Thus, it cannot be said that the remand initial decision granted relief that materially altered the legal relationship of the parties. *See Neal*, 167 F.4th at 1383. Indeed, for the decision

---

good cause for an untimely filing when counsel alleged that the delay had been precipitated by, among other things, the attorney who had previously handled the appellant's case departing from counsel's law firm).

to have materially altered the parties' relationship, the relief ordered therein must have changed the agency's behavior. *See Rhodes v. Stewart*, 488 U.S. 1, 3-4 (1988) (indicating that the entry of a judgment in a party's favor does not automatically confer prevailing party status; rather, the judgment must "affect[] the behavior of the defendant toward the plaintiff"); *see also Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 453 (1st Cir. 2009) (stating that, in the mootness context, a prevailing party "is a party who managed to obtain a favorable, material alteration in the legal relationship between the parties *prior* to the intervening act of mootness") (emphasis in original).

To illustrate by comparison, in *Neal*, an administrative judge issued an initial decision that reversed the appellant's removal, but the agency filed a petition for review, which had the practical effect of preventing the initial decision from becoming final. *Neal*, 167 F.4th at 1382. While its petition for review remained pending before the Board, the agency reversed course and canceled the removal action. *Id.* at 1383. Consequently, the Board responded to the agency's petition for review by dismissing the matter as moot. *Id.* In a subsequent proceeding for attorney fees, the Board determined that the appellant was entitled to none. *Id.* The Board reasoned that the appellant was not a "prevailing party" because the agency's filing of a petition for review and subsequent cancellation of the removal to render the matter moot while that petition was still pending prevented the initial decision from becoming an enforceable order. *Id.* The Federal Circuit disagreed. *Id.* at 1383-85. The court found that the appellant was a prevailing party for purposes of an entitlement to attorney fees because "[t]he [administrative judge's] initial decision conclusively resolved [the appellant's] claim on the merits in her favor and ordered the [agency] to reinstate her and provide her with backpay. The fact that the case became moot after a petition for review is irrelevant." *Id.* at 1384.

Turning back to the facts of the instant appeal, the administrative judge's September 25, 2017 decision did not materially alter the legal relationship of the

parties; the agency's September 21, 2017 recission did. Thus, *Neal* is distinguishable from this case, where the administrative judge correctly determined that the appellant was not a prevailing party.

<u>We have considered all of the appellant's arguments; however, we find that they do not compel a different outcome.</u>

The appellant devotes a substantial portion of his petition for review to discussing the procedural history of his Board appeals, APFR File, Tab 1 at 5-15, and faulting the administrative judge for, among other things, failing to schedule an "evidentiary hearing" in 2017, *id.* at 13. However, any alleged shortcomings regarding the adjudication of the merits of his appeal are not presently before the Board in this addendum attorney fee proceeding. *See Irvine v. Office of Personnel Management*, 86 M.S.P.R. 484, ¶ 12 (2000) (indicating that the conclusions of the underlying appeal are not subject to reargument in an attorney fee proceeding).

The appellant contends that the agency "attempt[ed] to moot" the appeal to avoid paying him attorney fees. APFR File, Tab 1 at 16. He asserts that, had the agency not done so, he would have been found to be a prevailing party. *Id.* The appellant is, in essence, arguing that he is a prevailing party under the "catalyst theory."[6] This argument is unpersuasive. Following the issuance of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001), the Board has repeatedly found that, when an agency voluntarily and unilaterally rescinds an adverse action after an appellant files an appeal, and the Board subsequently dismisses the appeal as moot, the appellant is not the prevailing party. *Krafsur v. Social Security Administration*, 122 M.S.P.R. 679, ¶ 10 (2015).

---

[6] Under the "catalyst theory," an appellant may be the prevailing party when, after the filing of an appeal, the agency voluntarily grants the relief sought, the administrative judge dismisses the appeal as moot, and the relief is causally related to the initiation of the appeal. *Sacco v. Department of Justice*, 90 M.S.P.R. 225, ¶ 6 (2001), *aff'd*, 317 F.3d 1384 (Fed. Cir. 2003).

Although this matter has a lengthy and complex procedural history, the fact remains that the appellant never received any decision from the Board—either initial or final—that materially altered the legal relationship of the parties; rather, as indicated, the agency unilaterally rescinded the termination action and mooted the matter prior to the issuance of a decision. *Toby*, 2023 WL 3115577, at *1-*2; *See Rhodes*, 488 U.S. at 2-4 (holding that the plaintiffs were not prevailing parties when, although they received a favorable judgment, their claim had been rendered moot prior to the issuance thereof); *see also Mulero-Echevarria v. Office of Personnel Management*, 93 M.S.P.R. 154, ¶¶ 2, 5-6 (2002) (finding that the appellant was not a prevailing party when the Office of Personnel Management reversed its reconsideration decision denying the appellant's disability retirement application after she filed her Board appeal and the administrative judge dismissed the appeal as moot); *cf. Neal*, 167 F.4th at 1382-85 (concluding that Ms. Neal was a prevailing party when, after the issuance of an initial decision reversing her removal but while the matter was pending on the agency's petition for review, the agency cancelled the removal action, thereby mooting the appeal).

The appellant avers that his termination appeal is not moot and that the Board therefore retains jurisdiction over the matter; in this regard, he asserts that the agency submitted a filing to the Federal Circuit acknowledging that, as of September 2022, it had not provided him with 16 hours of back pay. APFR File, Tab 1 at 3-5. However, as the appellant acknowledges, *id.* at 17, the Federal Circuit concluded that he received all of the relief to which he was entitled and that the matter was moot, *Toby*, 2023 WL 3115577, at *2. In any event, this conclusion is not subject to reargument in an addendum attorney fee proceeding. *See Irvine*, 86 M.S.P.R. 484, ¶ 12.

We have considered all of the appellant's remaining assertions but find that none warrants a different outcome.[7]  APFR File, Tab 1.  Accordingly, we affirm the addendum initial decision.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[7] The appellant submits numerous documents with his petition for review, i.e., filings related to his various Board appeals.  APFR File, Tab 1 at 20-187.  These documents, some of which are already part of the record in this matter, do not warrant a different outcome.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (indicating that evidence that is already part of the record is not new); *see also Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board
Washington, D.C.